JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
WEI FANG LIU

## DEFENDANTS
SLAY TRANSPORTATION CO., INC. and WILLIAM McCRACKEN

(b) County of Residence of First Listed Plaintiff   **Kings**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   **St. Louis**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Laynas & Georges, P.C.
1500 JFK Boulevard, Suite 1300
Philadelphia, PA  19102          215-851-8700

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | / ☐ 385 Property Damage Product Liability | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 465 Other Immigration Actions | | |
| | / ☐ 540 Mandamus & Other | | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1391
Brief description of cause:
Accident occurred within Pennsylvania

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $   500,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
06/30/2022

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| WEI FANG LIU | : | CIVIL ACTION |
| v. | : | |
| SLAY TRANSPORTATION CO., INC. and WILLIAM McCRACKEN | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| | | |
|---|---|---|
| 6/30/22 | *(signature)* | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-851-8700 | 267-282-0422 | SLaynas@Laynaslaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 7306 6th Street, Brooklyn, NY 11209

Address of Defendant: 1100 N. First Street, East St. Louis, IL 62201

Place of Accident, Incident or Transaction: Hamburg Borough, Berks County, PA

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 06/30/2022   *Attorney-at-Law / Pro Se Plaintiff*   33906   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☑ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Steven Laynas, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 06/30/2022   *Attorney-at-Law / Pro Se Plaintiff*   33906   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WEI FANG LIU | : | Civil Action No. |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| SLAY TRANSPORTATION CO., INC. | : | |
| And | : | |
| WILLIAM McCRACKEN | : | |
| | : | |
| Defendants | : | No. |

## COMPLAINT

1. Plaintiff, Wei Fang Liu, is an individual citizen of the State of New York, residing at 7306 6th Avenue, Brooklyn, New York 11209.

2. Defendant, Slay Transportation Co., Inc., is an Illinois corporation with offices for the purposes of conducting business located at 1100 N. First Street, East St. Louis, IL 62201.

3. Defendant, William McCracken, is an individual citizen of the State of Ohio, residing at 34431 River Street, Sardis, OH 43946.

### Jurisdiction

4. This Court has subject matter jurisdiction with respect to this matter under the provisions of 28 U.S.C. §1332, as there exists a diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

5. Venue is proper in this Court under the provisions of 28 U.S.C. §1391 because the events giving rise to this cause of action occurred within this District.

### Demand for Jury Trial

6. Plaintiff hereby demands a trial by jury.

## Factual Allegations

7. On or about January 3, 2021, at or about 10:15 p.m., plaintiff, Wei Fang Liu, was the operator of an automobile traveling eastbound on I-78 at or near exit 29, a public thoroughfare in Hamburg Borough, County of Berks, Commonwealth of Pennsylvania.

8. On or about January 3, 2021, at or about 10:15 p.m., defendant, William McCracken, was the operator of a tractor trailer which was proceeding on I-78 at or near exit 29, a public thoroughfare in Hamburg Borough, County of Berks, Commonwealth of Pennsylvania, which was traveling behind the vehicle operated by plaintiff, Wei Fang Liu, as aforesaid.

9. At all times material hereto, Defendant, Slay Transportation Co., Inc., owned the tractor trailer being operated by the defendant, William McCracken, and involved in this accident more fully described hereafter.

10. At all times material to this Civil Action, defendant, Slay Transportation Co., Inc., acted through his agent servant, workman and/or employee, William McCracken, who was then and there acting within the course and scope of his employment and/or in furtherance of defendant, Slay Transportation Co., Inc.'s interests.

11. At all times material to this Civil Action, defendant, Slay Transportation Co., Inc., is vicariously liable for the negligence of its agent, servant, workman and/or employee, William McCracken.

12. As the vehicles were proceeding as aforesaid, defendant, William McCracken, failed to operate his vehicle in such a manner in order to allow him to come to a stop within the assured clear distance ahead, and as such, violently collided with the rear of plaintiff's vehicle, with the result that plaintiff suffered severe and serious injuries and damages as are hereinafter set forth.

## COUNT I
## Wei Fang Liu v. William McCracken

13. Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 12 as though set forth fully at length herein.

14. The injuries and damages sustained by plaintiff as are hereinafter set forth, were caused solely by and were the direct and proximate result of the negligence and carelessness of defendant, William McCracken, then and there acting as the agent, servant, workman and/or employee of defendant, Slay Transportation, in any or all of the following respects:

   a. In operating a motor vehicle at a high and dangerous rate of speed under the circumstances;

   b. In failing to have the motor vehicle under proper control under the circumstances;

   c. In that the driver was inattentive and failed to maintain a sharp lookout of the road and surrounding traffic conditions;

   d. In failing to operate the brakes in such a manner as to cause the vehicle to stop in time to avoid the collision;

   e. In failing to observe that care and caution required under the circumstances;

   f. In violating the various statutes and municipal ordinances pertaining to the operation of motor vehicles on public thoroughfares under the circumstances;

   g. In failing to maintain the assured clear distance ahead; and

   h. In failing to maintain a reasonable lookout for the presence of other motor vehicles on the roadway.

15. Solely as a result of the negligence of the defendant as aforesaid, plaintiff, Wei Fang Liu, has sustained the following injuries, all of which are or may be of a serious and permanent nature, including C3-4 disc bulge with anterior thecal sac impingement; C4-5 and C6-7 disc herniation with anterior thecal sac impingement; C5-6 disc herniation with annular tear with anterior thecal sac impingement which required cervical discectomy C4-5 and C5-6 with annuloplasty, a surgical procedure; L3-4 disc bulge with anterior thecal sac impingement; L4-5 disc bulge and left foraminal herniation with annular tear and bilateral foraminal impingement with anterior thecal sac impingement and direct impingement upon bilateral L5 nerve roots; L5-S1 disc bulge abutting bilateral S1 nerve roots; right shoulder rotator cuff tendinosis with capsular hypertrophy of acromioclavicular joint and low-lying acromion with lateral downslope; subacromial/subdeltoid bursitis; left shoulder rotator cuff tendinosis; capsular hypertrophy of acromioclavicular joint and low-lying acromion with lateral downslope; post-traumatic neck pain requiring cervical interlaminar epidural steroid injection at C7-T1 and trigger point injection of lumbar paraspinals, gluteus maximus and quadratus lumborum; and other severe and serious injuries, the full extent of which are not known at present, including possible aggravation and activation of pre-existing injuries.

16. As a result of the injuries as aforesaid, plaintiff, Wei Fang Liu, has sustained the following damages:

    a. Said plaintiff has been and will be required to in the future expend large sums of money for surgical and medical attention, hospitalization, medical supplies, surgical appliances, medicines and attendant services;

    b. Said plaintiff has been injured;

    c.    Said plaintiff has suffered and will continue to suffer great pain, suffering, inconvenience, embarrassment and mental anguish;

    d.    Said plaintiff has been deprived of earnings;

    e.    Said plaintiff has been disfigured;

    f.    Said plaintiff's general health, strength and vitality have been impaired; and

    g.    Said plaintiff has suffered a loss of the enjoyment of life.

**WHEREFORE**, plaintiff, Wei Fang Liu, hereby demands damages of the defendants, jointly and severally, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with costs of suit, interest and attorneys' fees.

## COUNT II
### Wei Fang Liu v. Slay Transportation Co., Inc.

17.    Plaintiff hereby incorporates the allegations contained in paragraphs 1 through 17 as though set forth fully at length herein.

18.    At all times relevant hereto, defendant William McCracken, was then and there operating said vehicle in the course and scope of his employment and in the furtherance of Slay Transportation Co., Inc.'s business.

19.    Defendant, Slay Transportation Co., Inc., is responsible for the actions of William McCracken, its agent, servant, workman and/or employee under a theory of respondeat superior.

20.    The negligence of defendant Slay Transportation Co., Inc., through their agent, servant, workman and/or employee, William McCracken, consisting of the following:

    a.    In operating a motor vehicle at a high and dangerous rate of speed under the circumstances;

    b.      In failing to have the motor vehicle under proper control under the circumstances;

    c.      In that the driver was inattentive and failed to maintain a sharp lookout of the road and surrounding traffic conditions;

    d.      In failing to operate the brakes in such a manner as to cause the vehicle to stop in time to avoid the collision;

    e.      In failing to observe that care and caution required under the circumstances;

    f.      In violating the various statutes and municipal ordinances pertaining to the operation of motor vehicles on public thoroughfares under the circumstances;

    g.      In failing to maintain the assured clear distance ahead; and

    h.      In failing to maintain a reasonable lookout for the presence of other motor vehicles on the roadway.

**WHEREFORE**, plaintiff, Wei Fang Liu, hereby demands damages of the defendants, jointly and severally, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with costs of suit, interest and attorneys fees.

                                            **LAYNAS & GEORGES, P.C.**

By:    _/s/ Steven Laynas_
                                            STEVEN LAYNAS, Esquire
                                            1500 JFK Boulevard, Suite 1300
                                            Philadelphia, PA  19102
                                            (215) 851-8700; (267) 282-0422 (fax)
                                            SLaynas@Laynaslaw.com

                                            Attorneys for Plaintiff